Jones, Senior Judge,
delivered the opinion of the conrt:
Plaintiff, a lieutenant colonel in the Army of the United States, seeks a separation allowance at the rate of $30 per month during a 6-months’ period of service in Korea from September 1, 1964 to March 1, 1965. He asserts the claim under the terms of the statute set out below on the ground that quarters were not available for his dependent wife “at or near” his duty station, Camp Casey. The only suitable residential quarters were at Seoul, 26 miles from Camp Casey. Plaintiff initially asked for court costs of $10, but has agreed that he is not entitled to such costs.
*58 The pertinent part of the Uniformed Services Pay Act of 1963, 77 Stat. 217, 37 U.S.C. § 427(b) is as follows:
§ 427. Family separation dllowa/nce
ia) * * *
(b) Except in time of war or of national emergency hereafter declared by Congress, and in addition to any allowance or per diem to which he otherwise may be entitled under this title, including subsection (a) of this section, a member of a uniformed service with dependents * * * who is entitled to a basic allowance for quarters is entitled to a monthly allowance equal to $30 if—
(1) the movement of his dependents to his permanent station or a place near that station is not authorized at the expense of the United States under section 406 of this title and his dependents do not reside at or near that station.
Army Regulation 37-104, December 2, 1957, paragraph 5-173, added by Changes No. 80, dated January 31, 1964, and continued in the same language by Changes No. 84, dated April 27, 1964, provides in pertinent part:
If the place where the member’s dependents reside is not within a reasonable daily commuting distance of the member’s duty station (permanent or temporary), it will be considered that they do not reside at or near his station. For this purpose a distance of 50 miles one-way from the station will be considered as the reasonable daily commuting distance, except where the member actually commutes a greater distance.
Army Regulation 37-104, February 15, 1965, paragraph 10382c, which became effective during the period covered by plaintiff’s suit, provides in pertinent part:
Consider dependents as living at or near a member’s duty station if they live within a reasonable commuting distance of that station. A one-way distance of 50 miles is the maximum for this purpose except when the member actually commutes a greater distance daily.
Both parties have filed motions for summary judgment. After the parties have cleared away the underbrush, the question narrows to the single issue of whether, under the terms of the governing statute, the plaintiff’s residence at Seoul was “at or near” the station to which plaintiff was *59 assigned. Defendant argues that because the statute does not define “at or ne'ar,” the Congress left the definition to the respective Secretaries of the military departments pursuant to the Act of September 7, 1962, 76 Stat. 489, 37 U.S.C. § 1001.[1]
Unless the regulations promulgated by the Secretary of the Army are clearly inconsistent with the purpose of the statute, defendant continues, they have the force and effect of law. Defendant cites the legislative history of the statute to show that the Congress meant this allowance to be granted only when the serviceman is absent from his household “for any extended period of time.” S. Rep. No. 387, 88th Cong., 1st Sess. (1963). Defendant insists that a regulation establishing an inflexible 50-mile range is within the intent of the statute. We disagree. Nothing in the history of the Act nor in the promulgation regulations indicates that an arbitrary, world-wide definition by the Army of “at or near” is permissible.
It is manifest that what is “at or near” depends on the circumstances in the particular case. In a country of good roads and modern means of transportation 60 miles might by any sort of normal standards appear less distant and take less time for travel and cause less trouble than 10 miles in a country of swamps, bogs and few roads. There is a difference. That should be and is a matter of common knowledge.
Plaintiff, pursuant to Army orders, arrived in Korea on August 29, 1964. He was stationed at Camp Casey. No quarters were available for his wife at the base. No suitable rental housing was available in that area. The closest suitable housing was at Seoul, 26 miles away. He was forbidden to operate a motor vehicle. Ordinarily he could get away at 12 o’clock noon on Saturdays. His usual travel was by *60 bus to Seoul, which took 1 hour and 50 minutes. When he reached Seoul it took a taxi about 15 minutes to reach his residence. Plaintiff has estimated his one-way travel time, and his estimate has not been contested by defendant, at 2 to 2½ hours.
The conditions in Korea have been pictured so often in official reports, by returning soldiers, and in newsreels that the general conditions there are known to all. They are also described in plaintiff’s affidavits, and in correspondence between plaintiff and the Army officers who considered and rejected his claims.
The Supreme Court of the United States has commented frequently on the variations in the significance of terms when governed by circumstances. For example: “The word ‘near’ is relative in its signification. What would be near in one locality would not be in another. Each case must be governed by its special circumstances.” Kirkbride v. Lafayette County, 108 U.S. 208, 211 (1883).
In the well-known and admitted circumstances existing in the instant case we find that plaintiff’s residence was not “at or near” the base where he was stationed.
In construing the word “present,” which is a simple word, the Supreme Court of Minnesota held in one case that a man 7 miles from the scene of action was present; and the same court in another case held that a man 2½ feet away was not present. The amazing fact was that the court was right in both cases.
It happened in this way. In the first case, a group of men wanted to rob a stagecoach. They thought the best place was where the coach slowed up in rounding a sharp bend on a mountainous road. In order that they might not be discovered they placed themselves just after the turn where the robbery would be committed before the coach regained its speed. The schedules were uncertain. They wanted to be alerted just before the coach arrived. There was a stretch of several miles of road before the turn. They stationed a man 7 miles across the canyon where he would have a clear view of the approaching coach before it reached the bend. He was to swing a lantern to notify them of the approach.
The court held that the lantern man was present and *61 participating in the offense and was therefore guilty as a principal.
In the second case, a fraudulent group was trying to entrap a dying man into signing a will. They stationed one of the witnesses behind a large old-fashioned high bedstead. The court held that he was not present even though he was only 2½ feet away, since the testator did not know he was there.
Defendant’s motion is overruled and plaintiff’s motion is granted. Judgment is entered in plaintiff’s favor in the sum of $180.

 "S 1001. Regulations relating to gay and allowances
“(a) A Secretary of a military department may not prescribe a regulation under this title or any other law, relating to the pay and allowances of members of an armed force under that department, unless it has been approved under procedures prescribed by the Secretary of Defense.
“(b) * * *
“(c) The Secretary of Defense, the Secretary of the Treasury, the Secretary of Commerce, or the Secretary of Health, Education, and Welfare, may obtain from the Comptroller General an advisory opinion with respect to a proposed regulation especially affecting a department under that Secretary’s jurisdiction.”