**CW2 William Ross CASIDA**

v.

**The UNITED STATES.**

No. 344–69.

United States Court of Claims.

Nov. 13, 1970.

CW2 William Ross Casida, pro se.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PER CURIAM:

This suit involves the claim of an Army Warrant Officer seeking the separation allowance of thirty dollars ($30) per month, which is provided for under 37 U.S.C. § 427(b) (1964) for the period beginning January 20, 1967 and ending December 17, 1967. The details of plaintiff's claim are nearly identical to the facts presented in Tasker v. United States, 178 Ct.Cl. 56 (1967).

Plaintiff was assigned to Camp Colburn in Korea in January of 1967. His wife and children joined him later in the same month as tourists and without authorization or command sponsorship. The plaintiff indicates that, due to school requirements for his children, the family was forced to establish residence in Seoul, Korea, which was 24 miles from plaintiff's duty station at Camp Colburn. The facts further indicate that this distance required one hour and twenty-five minutes travel time, one way, by military bus, which was his only means of transportation since ownership of private vehicles was denied military personnel.

The travel time, plus the limited availability of overnight and weekend passes, made it nearly impossible for plaintiff to spend any time with his family during the week (although the defendant's brief indicates that plaintiff, on occasion, could spend one hour and twenty-five minutes at home during the week on any given day). However, it was possible, depending on the availability of weekend passes, that plaintiff could spend time at home and on the weekends

between the hours of 2:00 P.M. on Saturday and 10:00 P.M. on Sundays.

Plaintiff, therefore, claims that his situation is not unlike that of the plaintiff in Tasker v. United States, *supra,* and that he is entitled to separation allowance of thirty dollars ($30) per month for the months between January 20, 1967 and December 17, 1967. Plaintiff in this case, as did plaintiff in the *Tasker* case, makes his claim under the provisions of 37 U.S.C. § 427(b) (1) (1964) which is set forth in full hereafter:

> (b) Except in time of war or of national emergency hereafter declared by Congress and in addition to any allowance or per diem to which he otherwise may be entitled under this title, including subsection (a) of this section, a member of a uniformed service with dependents (other than a member in pay grade E–1, E–2, E–3, or E–4 (4 years' or less service)) who is entitled to a basic allowance for quarters is entitled to a monthly allowance equal to $30 if—

> (1) the movement of his dependents to his permanent station or a place near that station is not authorized at the expense of the United States under section 406 of this title and his dependents do not reside *at or near* that station; * * *. [emphasis added.]

The government, on the other hand, moves for summary judgment. In its motion, the government asks that this court render "further guidance" on the issue decided in Tasker v. United States, *supra,* and moreover, the government requests the court to find that, in spite of the holding in *Tasker,* this plaintiff is not entitled to recover.

In reference to the government's first request, the *Tasker* case held that the claimant, who was also stationed in Ko-rea, was entitled to the separation allowance because his dependents were 26 miles from his duty station. That holding found Army Regulation 37–104, February 15, 1965, defining "at or near" as a one-way distance of 50 miles, to be an improper interpretation of the intent of the legislature.

As for the second request, the government contends that 37 U.S.C. § 427(b) (1) contains, as one of its so-called "essential ingredients," a requirement of an extended absence of more than 30 days. The government's brief points out that in *Tasker, supra,* the court was not concerned with the alleged time requirement and only addressed itself to the "at or near" issue. the defendant further alleges that the legislative history of the statute in question demonstrates that the concept of an extended absence is an "essential ingredient" of 37 U.S.C. § 427(b) (1). However, this so-called "essential ingredient" of a 30-day absence from his home is set forth specifically in the subsequent and alternative subsections of 37 U.S.C. § 427(b) (see 37 U.S.C. § 427(b) (2) and (3)), but not found in subsection (b) (1).

■ In our opinion, the *Tasker* case, *supra,* was correctly decided and that it clearly and concisely instructs the military personnel that the definition of "at or near" is a flexible standard to be applied to each individual according to the circumstances of his situation.

■ Therefore, based on the holding of *Tasker, supra,* as authority for the proposition that this plaintiff's dependents were not "at or near" his permanent station, and the clear language of the statute, 37 U.S.C. § 427(b) (1), wherein no 30-day absence is required, it is our opinion that the defendant's motion for summary judgment should be, and the same is, denied and the case remanded to the trial commissioner for further appropriate proceedings.