**AIR TERMINAL SERVICES, INC.**

v.

**The DEPARTMENT OF TRANSPORTATION et al., Appellants.**

No. 73–2094.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 13, 1975.

Decided July 10, 1975.

Joseph B. Valder, Asst. U. S. Atty., and Owen Birnbaum, Atty., Dept. of Transp., of the bar of the U. S. Dist. Court for the District of Columbia, pro hac vice by special leave of court, with whom Earl J. Silbert, U. S. Atty., John A. Terry and Robert M. Werdig, Jr., Asst. U. S. Attys., were on the brief, for appellants. Harold H. Titus, Jr., U. S. Atty., at the time the record was filed also entered an appearance for appellants.

David Machanic, Washington, D. C., with whom William H. Fitz, Washington, D. C., was on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

Per Curiam.

### JUDGMENT

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the court. *See* Local Rule 13(c).

This court is in agreement with the disposition ordered by the District Court for substantially the reasons stated in its memorandum order.

On consideration of the foregoing, it is ordered and adjudged by this court that the judgment of the District Court appealed from in this cause is hereby affirmed.

FAHY, Senior Circuit Judge, dissents from the foregoing judgment for the reasons stated in his dissenting opinion filed this date.

FAHY, Senior Circuit Judge:

I respectfully dissent. On July 2, 1971, National Capital Airports, under intragovernmental delegation from the Federal Aviation Administration, requested proposals for the establishment and operation of "a food and beverage concession at Washington National Air-

port." The Government reserved the right "to reject all proposals upon determining that it would be in the best interest of the Government to do so." One of the five companies which submitted proposals was appellee Air Terminal Services, Inc. (ATS). It has been the principal food and beverage concessionaire at the Airport for some years.

The final offers in response to the request for proposals were in the hands of the appropriate authorities October 12, 1971. On August 26, 1972, the contracting officer requested new proposals in a communication to the five companies reciting:

> In view of the delay in arriving at a decision on the award of this contract, the timeliness of the payment offers and dollar investment which were arrived at almost a year ago, as well as some substantial changes developed in the proposed Scope of Operations, it has been determined to be in the best interest of the Government not to make an award on this request for proposals. It is anticipated that a new Request for Proposals will be issued within the next 45 days.

The result of the judgment of our court affirming that of the District Court is to require the contract to be awarded to appellee subject to a favorable decision as to its responsibility, rather than to permit the Government to obtain new proposals.

The District Court properly held that those who challenge the legality of procurement decisions of the Government bear a heavy burden of showing that (1) the decisions "on matters committed primarily to his [the procurement official's] own discretion had no rational basis," or (2) "the procurement procedure involved a clear and prejudicial violation of applicable statutes or regulations", citing Kentron Hawaii, Ltd. v. Warner, 156 U.S.App.D.C. 274, 480 F.2d 1166, 1169 (1973). It does not seem to me this burden was borne by ATS. The District Court, mistakenly I think, held that the

procurement official's decision was irrational "since it reversed the recommendation of FAA's [the Federal Aviation Administration's] Evaluation and Negotiation Board for reasons of non-responsibility without complying with requirements set forth in the procurement regulation 1–1.604–1 (a) & (b)." The officer who had final authority in the matter was not bound by the recommendation of the Evaluation and Negotiation Board. Moreover, although I assume that those reasons for soliciting new proposals which were related to non-responsibility of ATS were not reached in a manner conformable with applicable regulations, the decision of non-responsibility respecting ATS was not the only reason for the decision to solicit new proposals.

The responsible officials of the Government in my opinion are shown by the record to have pursued carefully an inquiry into certain irregularities of procedure affecting the proposals. I am impressed also by the fact that the final notice of resolicitation is based on "the delay in arriving at a decision on the award of this contract, the timeliness [untimeliness?] of the payment offers and dollar investment which were arrived at almost a year ago, as well as some substantial changes developed in the proposed Scope of Operations," thus giving substance to the decision that it was not in the best interest of the Government to award the contract to ATS on its original proposal.

It does not follow from a mistake made by the Government in determining ATS's non-responsibility that ATS should be awarded the contract, subject to a correct decision as to its responsibility, unless no other ground having rational basis supports the decision to solicit new proposals. I think this must be correct even if the decision to solicit new proposals was influenced also by a position with respect to ATS's responsibility having been reached in a mistaken manner. A mistake of the contracting authorities does not entitle ATS to the contract un-

**1016**

less, except for that mistake, solicitation of new proposals could not validly have been sought.

I understand that the agency has abandoned its position that new proposals may not be submitted by ATS. In

any event, I think ATS could not be excluded from submitting new proposals on the ground of non-responsibility without an opportunity to satisfy the agency in that regard under required procedures.*

---

* I do not agree with the District Court that the "changed circumstances which the government relies upon in stating its reasons to plaintiff were caused entirely by defendants' own unwarranted delay and are not matters that were beyond contemplation or negotiation in the original RFP [Request for Proposals]." The lapse of time and changed circumstances during the year or more, and the confusion which had developed in the situation, were reasonable grounds for starting over again in a more orderly manner.