**JOHN C. GRIMBERG CO. INC. and W.M. Schlosser, Inc.**

v.

**The UNITED STATES.**

No. 510–82C.

United States Claims Court.

Oct. 7, 1982.

Herman M. Braude, Washington, D.C., for plaintiffs.

Gregory J. Miner, Washington, D.C., for P.W. Porter, intervenor.

Eileen P. Fennessy, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

WILLI, Judge.

Plaintiffs instituted this suit on October 4, 1982, by filing a Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Declaratory Judgment. Concurrently they filed a Motion for Temporary Restraining Order and a Motion for Preliminary Injunction. At 10 a.m. on October 5, 1982, argument was heard on those motions, the disposition of which is the subject of this memorandum and order.

This action is directed to two General Services Administration (GSA) contracts for the renovation of certain Government buildings. Plaintiff Grimberg was the second-low bidder on one of them (bid opening on July 8, 1982) and plaintiff Schlosser the same on the other (bid opening on September 13, 1982). In each instance the low bidder was P.W. Parker Inc. (Parker), a company with a wholly-owned subsidiary, R & P Contractors, Inc. (R & P).

The Invitation for Bid on each of the above contracts included the mandatory GSA clause entitled "Listing of Subcontractors," a provision, the parties agree, designed to discourage post-award "bid shopping" by the successful prime for subcontract work. *Hoel-Steffen Constr. Co. v. United States,* 231 Ct.Cl. ——, 684 F.2d 843, 850 (1982).

On both of its bids Parker identified R & P as subcontractor for performance of all mechanical work required under the contracts. In the same particular, plaintiffs, on the other hand, designated various independent suppliers for performance of such areas of the mechanical work as sheet metal, insulation, temperature controls and system balancing.

On July 12, 1982, four days after the first bid opening, plaintiff Grimberg, believing that R & P lacked the functional capability to perform the items of mechanical work

mentioned above, lodged a protest with the GSA contracting officer challenging the responsiveness of Parker's bid on the ground that the designation of R & P for all mechanical work violated the "Listing of Subcontractors" clause. By a letter of July 29, 1982, the contracting officer acknowledged receipt of the protest. His letter concluded: "The bids are being evaluated by the contracting officer, and you will be advised of his decision."

On September 16, 1982, following the bid opening of September 13, plaintiff Schlosser wrote the contracting officer to interpose, as to the second contract, essentially the same challenge as that made by plaintiff Grimberg to the first. The contracting officer acknowledged the protest by a letter of September 20, 1982. That letter concluded: "The bids are being evaluated and you will be advised of our decision before an award is made."

At the outset of the hearing on the pending motions the defendant, citing Section 133(a) of the Federal Courts Improvement Act of 1982, 96 Stat. 25, proferred a motion to dismiss this action, instituted October 4, 1982, for want of jurisdiction on the ground that on September 29, 1982, GSA had awarded Parker Contract GS–03B–98224 (Schlosser bid) and on September 30, 1982, had awarded the same firm Contract GS–11B–18208 (the Grimberg bid). The referenced provision amends section 1491, Title 28, United States Code, effective October 1, 1982, to read in pertinent part, as follows:

> (3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. * * *.

Defendant's motion marked the first point in this proceeding at which the fact of award became affirmatively indicated. With plaintiffs theretofore unaware of such actions, their moving papers did not treat with the question of jurisdiction. The parties were accordingly afforded one day within which to file such further papers as they desired, addressing only that issue. Both sides have exercised that opportunity and their additional submissions have been carefully considered.

Rule 12(h)(3) of the Rules of this Court (identical to Rule 12(h)(3), FRCP) commands:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

 Among first principles is that which prescribes that the jurisdiction of the federal courts cannot be conferred by the prior action or consent of the parties. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951). Put otherwise, the rule is that the parties cannot confer on a federal court jurisdiction that has not been vested in the court by the Constitution and Congress. The parties cannot waive lack of jurisdiction, whether by express consent, or by conduct, nor yet even by estoppel. Wright, Law of Federal Courts at 17 (3rd Ed.1976).

 It is with the foregoing tenets in mind that I must determine whether this court may grant equitable relief in respect of a contract awarded prior to the institution of suit for such relief.

If the language of 28 U.S.C. § 1491, as amended, referring to a "[c]ontract claim brought before the contract is awarded * * *" can be susceptible of ambiguity, all subsisting doubt is removed by the legislative history attending the amendatory legislation. I refer specifically to statements of uniform purport appearing in the Reports of the House and Senate Committees on the Judiciary. *Housing Authority of City of Omaha Nebraska v. United States Housing Authority,* 468 F.2d 1, 7, n. 7 (8th Cir.1972). For present purposes those statements are significant not only for the proposition that this court is without equitable jurisdiction in a post-award situation but equally so for the principle that by its legislative action Congress did not intend to void the District

Court jurisdiction confirmed in *Scanwell Laboratories, Inc. v. Shaffer*, 424 F.2d 859 (CADC 1970), to redress grievances arising out of contracting activity, at least in those cases where, as here, award precedes suit for equitable relief.

In the House of Representatives the first version of H.R. 4482, 97th Cong., that contained the language found in Section 133(a) of the Act was the Bill as reported by the Judiciary Committee on November 4, 1981. Concerning that language, which represented a retrenchment from an earlier, more expansive charter conferring on the Claims Court the broad power to grant equitable relief in all controversies within its jurisdiction, the Committee's Report states (H.Rep. No. 97–312, 97th Cong. 1st Sess., pp. 43–44):

The new section 1491(a) does give the new Claims Court the augmented power to grant declaratory judgments and give equitable relief *in contract actions prior to award.* This engaged authority is exclusive of the Board of Contract Appeals and *not to the exclusion of the district courts.* It is not the intent of the Committee to change existing case law *as to the ability of parties to proceed in the district court* pursuant to the provisions of the Administrative Procedure Act in instances of illegal agency action. *See, e.g., Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859 (D.C.Cir.1970). Nor is it the intent of the Committee to oblige lawyers, litigants, and possibly witnesses to travel to Washington, D.C., *whenever equitable relief is sought in a contract action prior to award.* Although Claims Court judges will travel, they cannot be expected to do so at extremely short notice. Therefore, for the time being, *the Committee is satisfied by clothing the Claims Court with enlarged equitable powers not to the exclusion of the district courts.* The dual questions of whether these powers should be exclusive of the district courts will have to wait for a later date. (Emphasis added.)

On November 19, 1981, the Senate Judiciary Committee favorably reported S. 1700. As to the matter at hand, it contained the same language as earlier reported in the House. Regarding that language the Committee observed (S.Rep. No. 97–275, 97th Cong., 1st Sess., pp. 22–23):

[S]ection 133 gives the new Claims Court the power to grant declaratory judgments and give equitable relief in contract actions *prior to award.* Since the funds which the Government utilizes to purchase goods and services are derived solely from public sources, the public possesses a strong interest in the ability of the Government to fulfill its requirements in these areas at the lowest possible cost. Accordingly, in the vast majority of circumstances, the Government must be permitted to exercise its right to conduct business with those suppliers it selects and to do so in an expeditious manner.

The courts ordinarily refrain from interference with the procurement process by declining to enjoin the Government from awarding a contract to a contractor which the Government has selected.

By conferring jurisdiction upon the Claims Court to award injunctive relief *in the pre-award stage* of the procurement process, *the Committee does not intend to alter the current state of the substantive law in this area.* Specifically, *the Scanwell doctrine as enunciated by the D.C. Circuit Court of Appeals in 1970 is left in tact. See Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859 (D.C.Circ.1970). Moreover, the Committee expects that the court will utilize the authority conferred upon it by this section only in circumstances where the contract, *if awarded,* would be the result of arbitrary or capricious action by the contracting officials, to deny qualified firms the opportunity to compete fairly for the procurement award. The Committee intends the court to take care not to delay or prevent the award of contracts for goods or services which relate to the national defense or security.

Since the court is granted jurisdiction in this area, boards of contract appeals would not possess comparable authority pursuant to the last sentence of section

8(d) of the Contract Disputes Act. (Emphasis added.)

In sum, however compelling plaintiffs' suggestion that in making the subject awards GSA may very well have offended its anti-bid shopping regulation, the fact remains that in obedience to the clearly expressed will of Congress this court must stay its hand by acknowledging the dispositive impact of the pre-suit awards on its jurisdiction.

Despite the want of jurisdiction here, plaintiffs are not without a forum in which to air their grievances. Congress has affirmatively identified that forum as the United States District Court. Section 301(a) of the Act, amended Title 28, United States Code, by the addition of Section 1631 provides express authority for a transfer of this action there.

A final point remains for attention. On October 5, 1982, Parker, pursuant to Rule 24(a) of the Rules of this court, filed a Petition for Leave to Intervene in this proceeding. On October 6, 1982, Parker filed an amended petition for leave so to do. In view of the disposition that must be made of plaintiffs' motions, Parker's motions have become moot.

IT IS THEREFORE ORDERED that plaintiffs' motions are DENIED.

IT IS FURTHER ORDERED that, this court lacking subject matter jurisdiction, in the premises, the case is TRANSFERRED pursuant to 28 U.S.C. § 1631, to the United States District Court for the District of Columbia.

IT IS FINALLY ORDERED that the petitions of P.W. Parker, Inc. are DENIED as moot.