**CACI, INC.-FEDERAL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 1-83C.

United States Claims Court.

Feb. 23, 1983.

Joseph S. Wager, Washington, D.C., for plaintiff.

Lenore C. Garon, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

SPECTOR, Judge.

Following the filing of plaintiff's complaint for declaratory and injunctive relief on January 3, 1983, the parties jointly requested under Rule 65(a)(2) that trial of the action on the merits be advanced and consolidated with the hearing of the application for an injunction. Accordingly, a comprehensive 2-day trial was conducted on January 10 and 11, 1983, followed by briefing and a comprehensive decision on the merits published February 2, 1983.[1]

Defendant has now filed two motions dated February 18, 1983,[2] one a "Motion For Stay Pending Appeal" and the other a "Motion For Expedited Briefing on Defendant's Motion For Stay Pending Appeal."[3]

---

67. Note 46, *supra*.

68. It is not necessary in this proceeding to determine whether such an award would also be illegal.

1. 1 Cl.Ct. 352.

2. The motions were apparently filed late on Friday, February 18, 1983, preceding the 3-day Washington's Birthday weekend, because they

were not received by the undersigned for action until Tuesday, February 22, 1983.

3. Under the latter motion, plaintiff would be required to respond to defendant's "Motion For Stay Pending Appeal" on February 25, 1983. However, in a conference call February 22, 1983 to determine plaintiff's response to defendant's suggested briefing schedule, both counsel agreed that a decision without further briefing would be welcomed.

The aforementioned decision on the merits published February 2, 1983, is self-explanatory. It permanently enjoins defendant from awarding the contract at issue to Sterling Systems, Inc. for the reasons stated therein.

Defendant's current "Motion For Stay Pending Appeal", asks that the judgment enjoining award to Sterling be "stayed" so as to permit award to Sterling, the very act enjoined by the judgment. That is moreover the same issue now pending on appeal to the U.S. Court of Appeals for the Federal Circuit.

Unlike a routine motion for stay of execution of a money judgment pending appeal, this motion is the precise equivalent of a motion to reconsider, to reverse, and to dismiss plaintiff's complaint for injunctive relief. If it were allowed, an award to Sterling would follow and plaintiff would then be obliged to file a new complaint raising a new issue, namely, whether Sterling's on-going contract should be terminated in the midst of performance. Moreover, since its new complaint would have been filed after award to Sterling, there would be raised the same jurisdictional bar found in *John C. Grimberg Co. v. United States*,[4] plus an additional issue on plaintiff's standing to sue in a new complaint seeking termination of a contract being performed by Sterling.

The foregoing considered, defendant's "Motion For Stay Pending Appeal," is treated as a motion for reconsideration, reversal, and dismissal of plaintiff's complaint. It is hereby DENIED. It follows that defendant's concurrent "Motion For Expedited Briefing on Defendant's Motion For Stay Pending Appeal" must be, and hereby is DISMISSED AS MOOT.

IT IS SO ORDERED.

---

**4.** 1 Cl.Ct. 253. *Grimberg* was affirmed, 702 F.2d 1362.