P. FRANCINI & CO., INC., Plaintiff,

v.

The UNITED STATES, Defendant;

Dawson Construction Company, Inc., Intervenor.

No. 28–83C.

United States Claims Court.

March 1, 1983.

Robert L. Ackerly, Washington, D.C., for plaintiff; Lawrence H. Mirel, Kenneth J. Ingram, James A. Johnson, Jr., and Sachs, Greenebaum & Tayler, Washington, D.C., of counsel.

William S. Liebman, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, for defendant; David M. Cohen and Thomas W. Petersen, Washington, D.C., of counsel.

Donald L. Anglehart, Boston, Mass., for intervenor; John Flynn, Frederick L. Wright, and Gadsby & Hannah, Boston, Mass., and Smith, Currie & Hancock, Atlanta, Ga., of counsel.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT, and INTERVENOR'S MOTION FOR TRANSFER OF ACTION TO U.S. DISTRICT COURT

OPINION

WHITE, Senior Judge.

This action was instituted on January 18, 1983, by the plaintiff, P. Francini & Company, Inc., under 28 U.S.C. § 1491(a)(3), as amended by section 133(a) of the Federal Courts Improvement Act of 1982 (Pub.L. 97–164, 96 Stat. 25, 40), to obtain declaratory and injunctive relief in connection with the anticipated issuance by the defendant, acting through the General Services Administration, of a contract to Dawson Construction Company, Inc., for the conversion and modernization of the U.S. Courthouse in New Haven, Connecticut.

## Background Facts

On or about June 10, 1982, the General Services Administration (GSA), through its Regional Office located in Boston, Massachusetts, issued Invitation for Bids No. GS–01B–02306 (the IFB) on a proposed contract for the conversion and modernization of the U.S. Courthouse in New Haven, Connecticut.

Clause 15 of the Special Conditions of the IFB was entitled "Listing of Subcontractors" and provided in pertinent part as follows:

15.1 For each category on the List of Subcontractors, which is included as part of the bid, the bidder shall enter either (i) the name and address of the individual or firm with whom the * * * [bidder proposes] to subcontract for performance of the category, or (ii) the bidder's own name to indicate that the category will not be performed by subcontract.

15.2 If the bidder intends to subcontract with more than one subcontractor for a category, or to perform a portion of the category with the bidder's own forces and subcontract with one or more subcontractors for the balance of the category, the bidder shall list all such individuals or firms (including the bidder) and state the portion (by percentage or narrative description) of the category to be performed by each.

* * * * * *

15.5 Except as otherwise provided herein, the successful bidder (Contractor) shall not have the onsight work of any listed category or portion of category performed by any individual or firm other than those named in the bid for performance thereof.

* * * * * *

15.14 If the bidder fails to comply with the requirements of subparagraphs 15.1, [or] 15.2 * * * of this clause, the bid will be rejected as nonresponsive to the invitation.

The IFB contained, as a "Supplement to Bid Form," a sheet on which a bidder was required to furnish its "List of Subcontractors." The sheet named eight different categories of work, and provided appropriate blank spaces in which the bidder was required to furnish, with respect to each category, the information called for in paragraph 15.1 or paragraph 15.2 of clause 15 of the Special Conditions.

Twelve bids were submitted in response to the IFB, and they were opened on July 28, 1982. Dawson Construction Company, Inc. (Dawson), of Gadsden, Alabama, submitted the lowest bid; Bonvicini Building Company, Inc. (Bonvicini), of Torrington, Connecticut, submitted the second lowest bid; and P. Francini & Company, Inc. (Francini), of Derby, Connecticut, submitted the third lowest bid. The base bids of these companies were in the respective amounts of $5,697,000, $5,836,000, and $6,070,000.

On July 30, 1982, Francini filed a timely protest with the contracting officer against any award of the contract being made to either Dawson or Bonvicini, contending that they had both failed to comply with paragraph 15.2 of clause 15 of the Special Conditions, and, therefore, that both the Dawson bid and the Bonvicini bid should be rejected as nonresponsive to the IFB, under paragraph 15.14 of the Special Conditions.

On August 6, 1982, Dawson filed with the General Accounting Office (GAO) a protest against the anticipated rejection of its bid by the GSA as nonresponsive, and against any award of the contract being made to Francini.

On August 17, 1982, the GSA contracting officer rejected both Dawson's bid and Bonvicini's bid as nonresponsive to the IFB, because of failure to comply with the requirements of paragraph 15.2 of the Special Conditions.

On August 25, 1982, the GSA issued a "notice of intent" to award the contract to Francini as "the low, responsive, responsible bidder." In that connection, the contracting officer issued formal "Findings and Determinations." The contracting officer found that both Dawson and Bonvicini "failed to comply with the requirements of

the subcontractor listing clause"; and he recommended that GSA "proceed with award of a contract to the low responsive and responsible bidder, P. Francini & Co., Inc.", but stated that the making of an award would be withheld pending final disposition by the GAO of Dawson's protest.

On September 7, 1982, pursuant to a request received over the telephone, Francini agreed to hold its bid open for an additional 30 days, to and including October 11, 1982.

On September 29, 1982, the contracting officer notified Francini that the latter's bid was accepted. A contract, performance bond, and payment bond were sent to Francini for execution and return. Francini completed, signed, and returned these documents to GSA on October 4, 1982.

On or about October 5, 1982, Dawson filed suit in the United States District Court for the District of Massachusetts, Civil Action No. 82–2954–G, against the GSA, the GSA Administrator, the GSA Regional Administrator, and the United States. The complaint in that case asked the district court to enjoin the defendants "from executing, or proceeding or continuing with performance of the subject contract in a manner inconsistent with the Comptroller General's [future] decision on the plaintiff's [Dawson's] protest."

The district court, after a hearing on October 15, 1982, issued a preliminary injunction on October 24, 1982, enjoining the governmental defendants and Francini "from executing, or proceeding or continuing with the performance of a contract pursuant to IFB No. GS/01B/02306," pending a prompt decision by the GAO on Dawson's bid protest, and final determination of the action by the district court.

On December 20, 1982, the GAO issued its decision (B–208547) on Dawson's protest. The protest was sustained, the GAO holding that Dawson's bid was responsive to the IFB. The GAO went on to say that, as performance under the contract with Francini had not begun, it would be appropriate for GSA to terminate the contract award for the convenience of the Government, and, if Dawson was otherwise responsible, to make a award to Dawson.

The Government filed a motion to dismiss the action before the district court in Massachusetts, and informed the court that it intended to follow the recommendation of the GAO by terminating the contract with Francini for the convenience of the Government and issuing to Dawson an award of the contract under the IFB. On January 12, 1983, the district court dismissed Dawson's case, without prejudice and without conditions.

On January 18, 1983, Francini filed the present action before this court under 28 U.S.C. § 1491(a)(3), as amended by section 133(a) of the Federal Courts Improvement Act of 1982 (Pub.L. 97–164, 96 Stat. 25, 40). The complaint, after reciting the events that had transpired up to that point in connection with the IFB, asked the court to: (1) declare and find that the bids of Dawson and Bonvicini were nonresponsive to the IFB; (2) issue a temporary restraining order and a temporary injunction preventing the defendant from awarding any contract to Dawson or Bonvicini pursuant to the IFB; (3) issue a permanent injunction preventing the defendant from awarding any contract to Dawson or Bonvicini pursuant to the IFB; and (4) award the plaintiff costs and attorneys' fees.

Contemporaneously with the filing of the complaint, Francini also filed an application for a temporary restraining order. A hearing on the application was scheduled for and held on January 19, 1983, advance notifications concerning the hearing having been given by telephone to Dawson and Bonvicini, as well as to Francini and the defendant. Dawson (acting through counsel) appeared and participated in the hearing on the application for a temporary restraining order. At the conclusion of the hearing, the court announced its intention to issue a temporary restraining order for the purpose of maintaining the status quo; and the court also announced, with the concurrence of counsel for all the parties, that a trial on the merits would be advanced and be held beginning January 24, 1983.

After the adjournment of the hearing, the court on January 19, 1983, issued a temporary restraining order.

On January 20, 1983, Dawson filed a motion in the United States District Court for the District of Massachusetts, asking that court to reopen Civil Action No. 82–2954–G, previously dismissed. In view of this development and on motion of the defendant, this court continued until further notice the trial on the merits in the present action, pending the action of the district court on Dawson's motion.

On January 28, 1983, the temporary restraining order in the present action was extended, on motion of Francini.

On January 28, 1983, the district court in Massachusetts denied Dawson's motion asking that Civil Action No. 82–2954–G be reopened. Thereupon, at the joint request of the parties, this court rescheduled the trial on the merits in the present action to begin on February 7, 1983.

On February 3, 1983, the GSA sent Francini a telegram stating that Francini's contract was terminated for the convenience of the Government, and also stating that GSA intended to readvertise the project. In taking this action, the GSA was acting on the advice of counsel for the Government in the present litigation. The purpose was to moot the action and permit the GSA to start afresh in the procurement of services for the conversion and modernization of the U.S. Courthouse in New Haven.

Also, on February 3, 1983, the defendant filed a motion for summary judgment in the present action.

On February 4, 1983, the GSA sent a letter to Francini. The letter confirmed the telegram of February 3, 1983, stated that the IFB was cancelled, further stated that a resolicitation relative to the project would be issued under a new Invitation for Bids hearing a different number, and contained instructions with respect to the submission of a settlement proposal by Francini.

Responses in opposition to the defendant's motion for summary judgment were filed on February 7, 1983, by Francini and Dawson. Dawson's response asked that the present action be transferred to the United States District Court for the District of Massachusetts.

Because of the unexpected actions by the GSA with respect to the termination of Contract No. GS–01B–02306 and the cancellation of the IFB, and by the defendant in filing a motion for summary judgment, the court session on February 7, 1983, was converted into a rather lengthy argument by counsel for the defendant, for Francini, and for Dawson on the defendant's motion for summary judgment.

Two days later, on February 9, 1983, Francini filed a motion for leave to file a supplemental complaint for declaratory and injunctive relief. The proposed supplemental complaint, which is attached to the motion for leave, recites events that have occurred since the original complaint was filed on January 18, 1983 (and summarized earlier in this opinion), asserts that the cancellation of the IFB by the GSA was "unlawful, illegal and void since the cancellation violates the requirements of the federal procurement regulations, 41 C.F.R. 1–2.-404–1 (1982)," and asks the court to issue an injunction "setting aside the cancellation of, and reinstating * * * [the IFB] and restraining defendant * * * from taking any steps to implement the cancellation of * * * [the IFB] or the solicitation of the contract for conversion and modernization of the U.S. Courthouse in New Haven, Connecticut."

The defendant subsequently responded to the motion of February 9, 1983, and Francini replied.

On February 15, 1983, the GSA issued a "pre-invitation notice," announcing that on or about March 15, 1983, it will issue an invitation for bids for the conversion and modernization of the U.S. Courthouse in New Haven, Connecticut, with a bid opening date of April 27, 1983. Persons interested in bidding on the project were requested to inform the GSA of their interest on or before February 28, 1983.

### Francini's Motion for Leave to File Supplemental Complaint

The procurement regulation (41 C.F.R. § 1–2.404–1) relied on by Francini in support of its contention that the cancellation of the IFB was "unlawful, illegal and void" is entitled "Cancellation of invitation after opening." Paragraph (a) of the regulation states in part as follows:

(a) Preservation of the integrity of the competitive bid system dictates that, after bids have been open, award must be made to that responsible bidder who submitted the lowest responsive bid, unless there is a compelling reason to reject all bids and cancel the invitation. * * *

Paragraph (b) of the regulation relied on by Francini then states in part as follows:

(b) Invitations for bids may be cancelled after opening but prior to award, and all bids rejected, where such action is consistent with § 1–2.404–1(a) and the contracting officer determines in writing that cancellation is in the best interest of the Government for reasons such as the following * * * [followed by seven illustrative reasons, none of which is similar to the situation involved in this case.]

Nothing to the contrary appearing in the record, it must be presumed that the federal procurement regulations, including 41 C.F.R. § 1–2.404–1, are reasonably adapted to the administration of congressional legislation and are not inconsistent with any statute, and, therefore, that they have the force and effect of law. Cf., G.L. Christian & Associates v. United States, 160 Ct.Cl. 58, 65, 320 F.2d 345, 350 (1963); Tasker v. United States, 178 Ct.Cl. 56, 59 (1967). Accordingly, in connection with the cancellation of the IFB, the GSA was, of course, subject to the provisions of 41 C.F.R. § 1–2.404–1. If the GSA did not comply with the provisions of the governing regulation, as alleged in the supplemental complaint which Francini seeks to file, the GSA's action cannot stand and must be struck down in a proper action brought in a court of competent jurisdiction. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); United States v. Heffner, 420 F.2d 809 (4th Cir.1969); Air Terminal Services, Inc. v. Department of Transportation, 400 F.Supp. 1029 (D.D.C.1973), aff'd, 515 F.2d 1014 (D.C. Cir.1975). The problem in connection with Francini's motion for leave to file the supplemental complaint is whether this court would have jurisdiction in the present action under 28 U.S.C. § 1491(a)(3), as amended, to determine whether the GSA's action in cancelling the IFB violated the provisions of 41 C.F.R. § 1–2.404–1, and, in the event of an affirmative determination, to grant the declaratory and injunctive relief requested by Francini.

It is provided as follows in 28 U.S.C. § 1491(a)(3), as amended:

(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

Francini does not question the propriety of, or request any relief with respect to, GSA's action on February 3, 1983, in terminating the September 29, 1982, contract award to Francini. Hence, the September 29, 1982, award of a contract has been obliterated and should be ignored for present purposes. The thrust of the proposed supplemental complaint which Francini seeks to file is to have the cancellation of the IFB set aside as unlawful and to prevent the issuance of a new solicitation for bids, which the GSA has announced that it will do on or about March 15, 1983, with an opening date of April 27, 1983.

When the present situation is carefully analyzed, it appears that Francini, through the proposed supplemental complaint, is attempting to bring before the court a "contract claim"—i.e., a claim that the GSA has violated the provisions of 41 C.F.R. § 1–2.404–1 in cancelling the IFB; and that Francini as a bidder under the IFB

has a legal right to have the unlawful administrative action struck down, to have its bid (and the other bids) for the conversion and modernization of the U.S. Courthouse in New Haven, Connecticut, considered in accordance with the IFB, and to have a contract awarded under the IFB to the responsible bidder submitting the lowest responsive bid. It further appears that the claim which Francini seeks to assert under the proposed supplemental complaint will have been "brought before the contract is awarded," as no contract for the conversion and modernization of the U.S. Courthouse in New Haven is outstanding and the GSA definitely proposes to award such a contract.

In a situation such as that outlined in the preceding paragraph, 28 U.S.C. § 1491(a)(3), as amended, states in clear language that this court "shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief."

Accordingly, it is concluded that this court has the necessary jurisdiction and that Francini's motion for leave to file a supplemental complaint should be allowed.

The situation before the court in the present case is unlike that presented in *Grimberg Co. v. United States*, 1 Cl.Ct. 253 (Cl.Ct.1983) (Willi, Judge), now on appeal to the Court of Appeals for the Federal Circuit. In that case, the court dealt with the question of whether it had jurisdiction in a situation where an unsuccessful bidder sought declaratory and injunctive relief under 28 U.S.C. § 1491(a)(3), as amended, in a situation were a contract had been awarded to another bidder and was outstanding at the time when the action was filed. The court held that it lacked jurisdiction because the action was not brought before the contract was awarded.

### Defendant's Motion for Summary Judgment

■ It necessarily follows from the preceding discussion in the opinion that the defendant, at the present stage of the proceedings, is not entitled to a judgment as a matter of law.

Consequently, the defendant's motion for summary judgment must be denied.

### Intervenor's Motion to Transfer Case

■ As it has been concluded that this court has jurisdiction of the case, and as the United States District Court for the District of Massachusetts has previously declined to reopen the related proceedings before that court, Dawson's pending request that this court transfer the action to the district court should be denied.

### Conclusion

For the reasons stated in the opinion, the plaintiff's motion for leave to file a supplemental complaint is granted, the defendant's motion for summary judgment is denied, and the intervenor's motion for transfer of the action to the district court is denied.

It is so ordered.

The court further concludes and states, pursuant to 28 U.S.C. § 1292(d)(2), as amended by section 125(b) of the Federal Courts Improvement Act of 1982 (Pub.L. 97–164, 96 Stat. 25, 37), that there is involved in this interlocutory order a controlling question of law with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.