MARINE POWER AND EQUIPMENT COMPANY, INC., Plaintiff,

v.

The UNITED STATES, Defendant,

and

Bollinger Machine Shop and Shipyard, Inc., Defendant-Intervenor,

and

Eastern Marine, Inc., Intervenor.

No. 368–84C.

United States Claims Court.

Aug. 2, 1984.

Gilbert J. Ginsburg, Washington, D.C., for plaintiff.

Ronald A. Schechter, Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

Marcus B. Slater, Jr., Washington, D.C., attorney for defendant-intervenor Bollinger Machine Shop & Shipyard, Inc.

Joseph A. Artabane, Washington, D.C., attorney for intervenor Eastern Marine, Inc.

## OPINION

MARGOLIS, Judge.

Plaintiff, Marine Power and Equipment Company, Inc. (Marine Power), brings this action seeking preliminary and permanent injunctive relief enjoining the defendant, United States, acting through the United States Coast Guard (Coast Guard), from awarding a contract under Request for Proposals No. DTGC23–83–R–30024 (RFP). The contract, expected to be for more than 70 million dollars, will be for the construction of sixteen Patrol Boats (WPBs) to combat drug smuggling in the Gulf Coast area.

### I

The complaint was filed on July 19, 1984. At a status hearing that day before Judge Moody Tidwell, acting in this Court's absence, the parties stipulated that the contract would not be awarded before midnight on Monday, July 30, 1984. A briefing schedule was established at a status hearing on Monday, July 23, 1984[1] and argument was heard on July 30, 1984 on the plaintiff's motion for preliminary injunction and the defendant's and Bollinger's motions to dismiss. The Court from the bench denied the plaintiff's motion for injunctive relief and granted the defendant's and Bol-

---

1. Bollinger Machine Shop and Shipyard, Inc. (Bollinger) moved to intervene on July 19, 1984; the motion was granted at the hearing that day. Eastern Marine, Inc.'s (Eastern Marine) motion to intervene was granted at the hearing held on July 23, 1984.

linger's motions to dismiss. This written opinion follows.

This procurement has already been the subject of two Court actions. In the first, Eastern Marine brought suit in this Court seeking injunctive relief or bid preparation costs claiming that the Coast Guard had violated its implied contract to treat Eastern Marine's proposal fairly and honestly. *Eastern Marine, Inc. v. United States,* 5 Cl.Ct. 34 (1984), *appeal docketed,* No. 84–1444 (Fed.Cir. July 19, 1984). Bollinger was a party in that action; the plaintiff was not. This Court ruled that the Coast Guard had a rational basis for eliminating Eastern Marine's proposal from consideration.

After *Eastern Marine* was decided, the Coast Guard awarded the contract to the plaintiff. Bollinger then filed a post-award suit in the United States District Court for the District of Columbia seeking to have the contract award set aside. *Bollinger Machine Shop and Shipyard, Inc. v. United States,* 594 F.Supp. 903 (D.D.C.1984). Neither Eastern Marine nor Marine Power were parties in that action.[2] The District Court ruled that the award to Marine Power was improper because the Coast Guard had violated the specifications in the RFP by allowing Marine Power to substitute 12-cylinder engines for the 20-cylinder engines used in its Parent Craft. *Id.* at 912, 914–15. The District Court ordered that the contract award be set aside and remanded to the Coast Guard for final selection of the WPB contractor.

The facts underlying the procurement are set forth in the *Eastern Marine* and *Bollinger* opinions and need not be repeated here except as pertinent. Simply stated, offerors were to submit their proposals for the WPBs based on a Parent Craft, *i.e.,* a proven and reliable boat which would be used as the prototype for an offeror's WPB. The Circular of Requirements (COR) contained in the RFP set

forth criteria limiting the extent to which deviations would be allowed between the Parent Craft and the WPB offered by bidders. The extent to which Eastern Marine's WPB deviated from its Parent Craft was the focus of the *Eastern Marine* suit; the extent to which Marine Power's WPB deviated from its Parent Craft was the focus of the *Bollinger* suit.

■ In the instant case, Marine Power raises three challenges. First, the plaintiff contends that this Court decided in *Eastern Marine* the issue of whether Marine Power's proposal complied with the requirements of the COR. Consequently, the plaintiff contends that Marine Power's compliance with the COR is conclusively established and that the defendant and Bollinger are collaterally estopped to raise that issue here. The plaintiff also asserts that the defendant should be estopped to raise the issue of the plaintiff's compliance with the COR because of the inconsistent positions the defendant has taken in *Eastern Marine,* in *Bollinger,* and in this action. The plaintiff's second argument stems from this Court's exclusive jurisdiction in pre-award bid protest suits under 28 U.S.C. § 1491(a)(3) (1982). The plaintiff contends that the issue of its compliance with the COR was raised in *Eastern Marine.* The plaintiff therefore argues that this Court has exclusive jurisdiction over that issue and that the District Court decision was in derogation of that exclusive jurisdiction and was without authority. Finally, the plaintiff asserts that the Coast Guard has already determined that the plaintiff's proposal is the most advantageous in light of price and technical factors and has determined that the plaintiff's proposal meets its actual needs. Therefore, an award to any other offeror based on the COR as interpreted by the District Court would violate the Coast Guard's statutory

---

**2.** Marine Power, however, was on notice of the case from the outset, had filed an affidavit in opposition to Bollinger's motion for preliminary injunctive relief, and had been fully advised of those proceedings and had worked informally with the Coast Guard. *Bollinger,* at 905 n. 1.

duty to procure equipment and vessels which meet its minimum needs.[3]

## II

It is well established that a party seeking the extraordinary remedy of a preliminary injunction must show (1) that it has a likelihood of succeeding on the merits of its complaint; (2) that it will be irreparably injured without the granting of the injunction; (3) that the issuance of the injunction will not substantially harm other parties interested in the proceedings; and (4) that the grant of the preliminary injunction would be in the public interest. *Southwest Marine, Inc. v. United States*, 3 Cl.Ct. 611, 613 (1983); *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir. 1977). In the instant case, the plaintiff has shown little, if any, likelihood of succeeding on the merits. Moreover, the issuance of the injunction would substantially harm other parties interested in the proceedings and would not be in the public interest. Therefore, this Court denies the plaintiff's request for preliminary injunctive relief.

## III

It is apparent that most of the plaintiff's arguments stem from its contention that the issue of whether the plaintiff's proposal complied with the requirements of the COR was decided by this Court in *Eastern Marine*. This contention, however, is incorrect.

■ The District Court decided in *Bollinger* that the issue of whether the plaintiff's proposal complied with the COR was not before this Court in *Eastern Marine*. *Bollinger*, slip op. at 910–11. Thus the

District Court held that the doctrine of collateral estoppel did not bar Bollinger's claim. The plaintiff here is attempting, in effect, to collaterally attack the District Court's ruling. This Court is not the appropriate forum in which to appeal a District Court's decision. *See Gunston v. United States*, 221 Ct.Cl. 57, 60 n. 4, 602 F.2d 316, 319 n. 4 (1979). *See also Bogart v. United States*, 209 Ct.Cl. 208, 215, 531 F.2d 988, 992 (1976). The appropriate forum is the U.S. Court of Appeals for the D.C. Circuit.

Moreover, this Court agrees with the District Court's findings that the issue of the plaintiff's compliance with the COR was not before it in *Eastern Marine*. The issue in *Eastern Marine* was whether the Coast Guard had a rational basis for excluding Eastern Marine from the final competitive range. Eastern Marine's proposed WPB contained two engines while its Parent Craft contained three engines. The effect of this elimination, in terms of the COR, was that the deletion of the engine and attendant shaft, strut and propeller violated the COR requirement that "underwater appendages and propulsion configuration" be the same in the WPB as in the Parent Craft. This in turn cast doubt on the Coast Guard's ability to rely on the hydrodynamic behavior of the Parent Craft in calculating the hydrodynamic behavior of the WPB. The Court concluded that the Coast Guard had a rational basis for eliminating Eastern Marine's proposal. *Eastern Marine*, 5 Cl.Ct. at 38.

The Court heard some testimony concerning changes that the other offerors were allowed to make and was aware that one of the offerors was allowed to substi-

---

**3.** The defendant contends that this Court lacks jurisdiction because the contract has already been awarded. This Court disagrees. Under 28 U.S.C. § 1491(a)(3) (1982), this Court has jurisdiction to grant equitable relief "before the contract is awarded." Thus the Claims Court's jurisdiction concerns the propriety of a future award of a contract. *See United States v. John C. Grimberg Co., Inc.*, 702 F.2d 1362 (Fed.Cir. 1983). In the instant case, after the contract was awarded, the District Court in *Bollinger* entered a final judgment ordering that the

award be set aside. The Coast Guard is now preparing to award the contract, and the plaintiff seeks to enjoin the award. The plaintiff alleges, *inter alia,* that the Coast Guard violated its contractual duty to evaluate its proposal fairly and properly. Consequently, this Court has jurisdiction. *See P. Francini and Co., Inc. v. United States*, 2 Cl.Ct. 1, 5–6 (1983) (where no contract is outstanding and the agency definitely proposes to award the contract, the Claims Court has jurisdiction.)

tute a smaller engine for the larger one in its Parent Craft. For the purpose of determining whether the Coast Guard had treated Eastern Marine disparately from other offerors, the testimony focused on whether the changes the other offerors were allowed to make affected the Coast Guard's ability to rely on the hydrodynamic behavior of the offerors' respective Parent Crafts.[4] Plaintiff incorrectly asserts that this Court in *Eastern Marine* determined that Marine Power's substitution of engines did not violate the requirements of the COR. That issue was not before this Court, it was unnecessary to decide, and it was not decided.[5]

*Collateral Estoppel*

■■■ The doctrine of collateral estoppel applies against a party when an issue of law or fact was decided against that party in prior litigation. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).[6] Since the issue of whether Marine Power's proposal complied with the COR was not fully addressed in *Eastern Marine* and was not necessary for the disposition of that action, the plaintiff cannot collaterally estop the defendant here.

Furthermore, in *United States v. Mendoza,* — U.S. ——, 104 S.Ct. 568, 570, 78 L.Ed.2d 379 (1984), the Supreme Court held that nonmutual offensive collateral estoppel cannot be asserted against the United States. Since Marine Power was not a party in *Eastern Marine,* Marine Power cannot collaterally estop the defendant based on the decision in *Eastern Marine.*

---

4. Because the procurement was ongoing during the *Eastern Marine* trial, the Court heard testimony concerning the remaining offerors in a generic fashion. The Court was not advised as to which offeror was allowed to make which change.

5. It is noteworthy that Eastern Marine, Inc., the plaintiff in *Eastern Marine,* agrees that the issue of whether Marine Power's proposal complied with the COR was never fully addressed during the *Eastern Marine* proceedings.

6. In *A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700, 702 (Fed.Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984), the

*Equitable Estoppel By Inconsistent Positions*

■■■ The plaintiff contends that the defendant should be equitably estopped to assert a position here which is inconsistent with its earlier position. The plaintiff asserts that throughout the earlier litigation the government has maintained that Marine Power's proposal was acceptable. Plaintiff contends therefore that the government cannot adopt an inconsistent position in this lawsuit. This Court disagrees.

The plaintiff would have the defendant ignore the District Court's ruling that the plaintiff's proposal violated the requirements of the COR. This, of course, the government cannot do. Moreover, most of the assertions made by the government in this action have not been directed to the merits of the plaintiff's proposal. The defendant has asserted jurisdictional and procedural defenses designed to finally settle the litigation surrounding this procurement so that the Coast Guard can proceed to follow the mandate of the District Court.[7]

*Exclusive Jurisdiction*

The plaintiff claims that this Court has exclusive jurisdiction over the issues decided in pre-award bid protest actions. Since the issue of whether its proposal complied with the requirements of the COR was decided in *Eastern Marine,* the plaintiff contends that the District Court decision was in derogation of that exclusive jurisdiction and was without authority. This Court disagrees.

---

U.S. Court of Appeals for the Federal Circuit set out the requirements for collateral estoppel:

(1) the issue is identical to the one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

7. The defendant has issued a stop work order to the plaintiff in compliance with the *Bollinger* decision. At oral argument, the defendant indicated that as yet it had not decided whether to appeal the *Bollinger* decision to the U.S. Court of Appeals for the D.C. Circuit.

The plaintiff's contention must fail because the issue of the plaintiff's compliance with the requirements of the COR was not fully addressed or decided by this Court in *Eastern Marine*. Thus the District Court was free to decide it. Once decided there, the plaintiff may not collaterally attack it here. *See Gunston v. United States*, 221 Ct.Cl. at 60 n. 4, 602 F.2d at 319 n. 4.

## IV

■ This Court finds little, if any, likelihood that the plaintiff would succeed on the merits of its claims. Moreover, the Court finds that the issuance of a preliminary injunction would substantially harm Bollinger. Bollinger has now been involved in three Court actions concerning this procurement and deserves to have the Coast Guard issue a final decision as to which offeror will receive this contract. Furthermore, the public interest militates in favor of denying injunctive relief here. First, the plaintiff did not intervene in the District Court action. While this may have been its right, the Court notes that not only was the plaintiff on notice of that action, it had been "fully advised of [those] proceedings and [had] worked informally with the Coast Guard." *Bollinger*, at 905 n. 1. The public interest is compromised by allowing the plaintiff to participate in fact in one Court action in one forum, and to relitigate the same issues in another forum. Second, there are strong policy considerations of comity and mutual respect for a sister Court's decision which cause this Court to be very wary of issuing injunctive relief which might impact on the District Court's decision in *Bollinger*. Finally, it is in the public interest to resolve this litigation so that these much needed boats can be procured. Therefore, the plaintiff's request for a preliminary injunction is denied.

## V

While the plaintiff's request for a preliminary injunction asks this Court to enjoin the award of the contract to any offeror, the plaintiff's complaint asks this Court to "permanently enjoin the Coast Guard from awarding a contract under RFP DTCG23–83–R30024 to any other bidder or offeror other than [the plaintiff]." Such relief would directly impinge upon the District Court's ruling in *Bollinger* setting aside the contract award to the plaintiff.

Equitable relief by its nature is discretionary. The plaintiff was an active participant, albeit not in name, in the *Bollinger* action.[8] *Bollinger*, at 905 n. 1. It would be inequitable to allow the plaintiff, after working closely with the Coast Guard in the *Bollinger* action, to relitigate its claims here.[9] *See Awtry v. United States*, 684 F.2d 896, 898 (Ct.Cl.1982). Consequently, this Court, having determined that the issue of whether the plaintiff's proposal complied with the requirements of the COR was not decided in *Eastern Marine*, will refrain from further exercising its discretionary equitable jurisdiction in this case.

## VI

For the foregoing reasons, the plaintiff's motion for preliminary injunction is denied and the defendant's and Bollinger's mo-

8. The plaintiff concedes that it worked actively with the Coast Guard during the course of the *Bollinger* proceedings; it contends only that it did not concur in the stipulation filed in that action that the Bollinger WPB was responsive. The plaintiff has made no assertion here that the Bollinger WPB violates the requirements of the RFP.

9. For instance, the plaintiff claims that the District Court's interpretation of the COR will result in an award that violates the Coast Guard's statutory duty to procure based on its minimum needs. The defendant urges that this is merely a collateral attack on the District Court's decision couched in a different format. Assuming the District Court did not consider the "minimum needs" argument, it is apparent that the argument should have been presented *there*. This Court will not grant plaintiff its requested equitable relief based on an argument which the plaintiff, because of its tactical decision, did not give the District Court an opportunity to consider. In any event, the plaintiff's minimum needs argument presents serious jurisdictional obstacles. *See Downtown Copy Center v. United States*, 3 Cl.Ct. 80, 82 (1983); *Ingersoll-Rand Co. v. United States*, 2 Cl.Ct. 373, 376 (1983).

tions to dismiss are granted. The Clerk will dismiss the complaint.